UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 3:90-CR-124
)
JESSE CASTRO ADAMS )

**O R D E R**

In 1990, this Court imposed a 252-month sentence in this case, to be served concurrently with certain pending matters and consecutive to others. The defendant is serving that federal sentence at FCI Otisville with a projected release date of October 3, 2041. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 6, 2022).

Now before the Court is the defendant's March 29, 2022, counseled "Expedited Emergency Motion to Reduce Sentence Pursuant to [18] U.S.C. § 3582(c)(1)(A)(i)," as supplemented. [Docs. 20, 24]. The United States has filed an expedited response in opposition [docs. 26, 27], and the defendant has submitted an expedited reply. [Doc. 28].

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, such motions cannot be entertained by a district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

As argued by the United States, nothing in the current record indicates that the defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A). The BOP has no record of such a request. [Doc. 27, Ex. 1].

According to the instant motion, "Mr. Adams *appears* to have exhausted his administrative remedies, as he made a written request for compassionate release to the warden in February of 2021." [Doc. 20, p. 1] (emphasis added). That claim cites an Inmate Request to Staff form submitted to the defendant's unit manager. [Doc. 20, ex. 1]. Therein, the defendant asked for a "BP-9," explaining that, "This is for my lawyer to file for compassionate release as she has requested that I file this immediately." [*Id.*]. A BP-9 is the form used by inmates to request an administrative remedy. *See, e.g.,* Bureau of Prisons, https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=1000# (last visited Apr. 6, 2022).

It is therefore clear that the defendant requested an administrative remedy form to facilitate a future compassionate release request. However, there is no documentation that he ever completed and returned that form. Because the defendant has not documented his exhaustion of administrative remedies, and because the United States objects on that ground, the Court finds that it lacks authority to consider the present motion at this time. *See United States v. Alam*, 960 F.3d 83 (6th Cir. 2020). The motion [doc. 20] is accordingly **DENIED AND DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

ENTER:
s/ Leon Jordan
United States District Judge