# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Docket No. 3:90-CR-124<br>)<br>) JUDGE JORDAN |
| JESSIE C. ADAMS, | )<br>) |
| Defendant. | ) |

## STATUS REPORT

On April 13, 2022, this Honorable Court held Mr. Adams' motion for compassionate release in abeyance and directed the parties to file a second status report by May 17, 2022. (Doc. 42). Undersigned counsel offers the following updated information for the Court's consideration:

On April 29, 2022, undersigned counsel submitted a status report which included medical records that showed 69-year-old Jessie Adams had been readmitted to the hospital due to chest pains. (Doc. 35). On May 6, 2022, Mr. Adams was apparently transferred from the hospital back to Split Rock Rehab and Nursing Center. (Exhibit 1; filed under seal, BOP medical records through May 16, 2022, p. 5). The records reflect that he is still on a ventilator, that he is being fed by a feeding tube, and that he has "limited ability to make needs known." (*Id.*). Acute kidney failure has been added to Mr. Adams' growing list of current health problems, which also include but are not limited to the following: heart failure and heart disease, cerebrovascular disease, and pleural effusion. (*Id.*, pp. 1, 16).

In the warden's denial of Mr. Adam's request for compassionate release, he notes the "short" amount of time that Mr. Adams has served. (Doc. 41-4, p. 3). However, the warden's

denial should not be dispositive in this case. The warden was simply evaluating the amount of time that Mr. Adams has served in the *federal* system. He was not evaluating the sentencing factors of 18 U.S.C. 3553 (a) or the spirit of the compassionate release statute itself. Congress passed this statute to give courts more discretion when evaluating an individual's request for release.

In the case at bar, Mr. Adams has demonstrated significant health issues, he is a 69-year-old man who no longer poses a threat to society given his age and physical condition, and he has already served approximately three decades in the state and federal system for related conduct. (Doc. 20, p. 2). As such, it appears that a sentence of time served would be more than sufficient when contemplating the sentencing statute and the legislative spirit intended by the compassionate release statute.

WHEREFORE, based on the foregoing, and those arguments previously raised, Mr. Adams respectfully asks the Court to grant his request for compassionate release and to thereafter impose a sentence of time served in the case *sub judice*.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY: *s/Bobby E. Hutson, Jr.*
Bobby E. Hutson, Jr. 143116 GA
First Assistant Federal Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

## Certificate of Service

    I HEREBY CERTIFY that on May 17, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                              _s/Bobby E. Hutson, Jr._
                                              Bobby E. Hutson, Jr. 143116 GA
                                              First Assistant Federal Defender